IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KURT WASHINGTON, Trustee of Washington Enterprise Master Trust, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:25-cv-0682-O-BP |
| SHELLPOINT MORTGAGE SERVICING, | § § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a suit for violation of the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Uniform Commercial Code ("U.C.C."), and the Federal Reserve Act ("FRA"), that Plaintiff Kurt Washington brings *pro se*. ECF No. 1. The case was referred to the undersigned under Special Order 3. ECF No. 3. Before the Court are the Motion to Dismiss that Defendant Newrez LLC doing business as Shellpoint Mortgage Servicing ("Newrez") filed on August 1, 2025 (ECF No. 11), Response that Washington filed on August 19, 2025 (ECF No. 14), and Reply that Newrez filed on August 26, 2025 (ECF No. 1). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **GRANT** the Motion to Dismiss (ECF No. 11) and **DISMISS** Washington's claims with leave to amend his claims other than under the FRA.

**I.     BACKGROUND**

Washington contends that he issued legal tender of $140,000.00 to Newrez for full settlement of his mortgage obligation in the form of a "Bill of Exchange." ECF No. 1 at 1. He claims that despite receipt of the tender, Newrez continued to demand payment and did not "update

credit reporting status." *Id.* at 2. He alleges under the FDCPA that Newrez engaged in false representation of his debt and used unfair or unconscionable means to collect the debt. *Id.* He claims under RESPA that Newrez did not acknowledge nor respond to his qualified written request ("QWR"), nor correct billing errors. *Id.* Finally, he alleges that Newrez's refusal to honor his tender violated the U.C.C. and 12 U.S.C. § 411, the Federal Reserve Act ("FRA"). *Id.* Washington seeks declaratory judgment confirming the validity of his tender and discharging his mortgage obligation, injunctive relief preventing related credit reporting or collection activity, compensatory damages, and costs. *Id.* at 2-3.

On August 1, 2025, Newrez filed the pending Motion, arguing that Washington did not state an FDCPA claim because he provided no factual allegations that Newrez violated the statute, nor did he allege Newrez was a "debt collector." ECF No. 11 at 4-5. Newrez contends Washington did not state a RESPA claim because he did not sufficiently plead that he submitted a legitimate QWR to trigger the statute, nor did he allege any actual damages incurred. *Id.* at 5. Newrez argues that Washington did not state a U.C.C. claim because a Bill of Exchange is not a negotiable instrument, and Newrez did not agree to accept this form of payment. *Id.* at 6-7. Finally, Newrez contends that Washington did not state an FRA claim because the FRA contains no private right of action. *Id.* at 7.

## II.     LEGAL STANDARDS

### A.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule

12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise*, *LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

B.   *Pro se* **parties**

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### C.     Dismissal with or without leave to amend

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

## III.   ANALYSIS

### A.     The Court should dismiss Washington's FDCPA claims.

1. Washington has not pleaded sufficient facts to establish that Newrez is a "debt collector" under the FDCPA.

Sections 1692(e) and (f) of the FDCPA prohibit debt collectors from using various disfavored debt collection practices. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

To state a claim upon which relief can be granted, a plaintiff may not merely allege as a legal conclusion that the defendant qualifies as a "debt collector." *Garcia v. Jenkins/Babb LLP*, No. 3:11-cv-3171-N-BH, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012), *rec. adopted*, No.

4

3:11-cv-3171-N-BH, 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012). Instead, the plaintiff must plausibly allege a sufficient factual basis to establish that the defendant's actions meet the definition.

Washington has not made such a showing. In his original complaint, he does not state whether Newrez is or is not a debt collector. *See* ECF No. 1. In his Response, he cites Sixth and Third Circuit precedent and asserts for the first time that "mortgage servicers who acquire servicing after default may qualify as debt collectors." ECF No. 14 at 5 (citations omitted). But he still does not provide any factual basis to establish that Newrez "either engaged 'in any business the principal purpose of which is the collection of any debts' or that it 'regularly collect[s] or attempt to collect . . . debts.' This failure is fatal to the claim . . . under *Iqbal*." *Garcia*, 2012 WL 3847362, at *7. Accordingly, the Court should dismiss both FDCPA claims.

        2.        Washington has not stated a claim under 15 U.S.C. § 1692(e).

"The FDCPA forbids debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt,' and § 1692e provides a non-exhaustive list of false, deceptive, or misleading activity." *Alvarado Martinez v. Eltman Law, P.C.*, 444 F. Supp. 3d 748, 754 (N.D. Tex. 2020) (citing 15 U.S.C. § 1692e; *Gomez v. Niemann & Heyer, L.L.P.*, No. 1:16-CV-119 RP, 2016 WL 3562148, at *3 (W.D. Tex. June 24, 2016)).

Washington alleges that Newrez engaged in false representation of the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692(e). Presumably, he contends that because he provided alleged legal tender to discharge his debt, and Newrez continued to collect the debt, this constitutes a "false representation" of the debt under § 1692(e). However, Washington does not "provide well-plead factual allegations that [Newrez] took any action that constitutes a false, deceptive, or misleading representation." *Alvarado Martinez*, 444 F. Supp. at 754. He does not

5

identify any specific representation Newrez made and does not sufficiently explain how or why the representation was false, deceptive, or misleading. Instead, he merely asserts a violation while mirroring the language of the statute. This is insufficient. As a result, the Court should dismiss his claim under 15 U.S.C. § 1692(e).

        3.        Washington has not stated a claim under 15 U.S.C. § 1692(f).

"Section 1692f prohibits debt collectors from using 'unfair or unconscionable means to collect or attempt to collect any debts.' The statute does not define 'unfair or unconscionable,' but it does provide a non-exhaustive list of conduct that violates the section." *Fath v. BAC Home Loans*, No. 3:12-cv-1755-O, 2013 WL 3203092, at *13 (N.D. Tex. June 25, 2013).

Washington claims Newrez used unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692(f). He apparently asserts that because he provided alleged legal tender to discharge his debt, and Newrez continued to collect the debt, this constitutes "unfair collection" under § 1692(f). However, other than this conclusory allegation, Washington provides no factual support for his claim. He does not state unfair or unconscionable means Newrez took when collecting his debt. Nor does he identify violative conduct from the non-exhaustive list that the statute provides. Washington does not allege any "specific conduct . . . to support [a] claim under this section." *Fath*, 2013 WL 3203092 at *13. As a result, dismissal of his claim under 15 U.S.C. § 1692(e) is appropriate.

        **B.**        **The Court should dismiss Washington's RESPA claim.**

> RESPA is a consumer protection statute that . . . obligates a covered loan servicer to respond to a borrower's [QWRs]. 12 U.S.C. § 2605(e). A QWR is a written request "for information relating to the servicing of [a] loan." *Id.* § 2605(e)(1)(A). When a borrower sends a QWR, the loan servicer must, among other actions, return "a written response acknowledging receipt of the correspondence." *Id.* § 2605(e)(2)(A)-(C). Pursuant to § 2605(f), a borrower can sue a servicer who fails to reply as required.

*Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 995 (5th Cir. 2019).

"To state a viable claim under Section 2605(e), [plaintiff] has to plead that [his] correspondence met the requirements of a QWR, that [defendant] failed to make a timely response, and that this failure caused [him] actual damages. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 241 (5th Cir. 2014) (citing 12 U.S.C. § 2605(e), (f); *Hurd v. BAC Home Loans Servicing, LP*, 880 F.Supp.2d 747, 768 (N.D. Tex. 2012)).

Washington claims Newrez violated RESPA because it did not acknowledge nor properly respond to his QWR, did not correct billing errors, and continued collection activities during the dispute period. ECF No. 1 at 2. However, Washington does not show that he submitted a qualified QWR to Newrez or that the QWR related to Newrez's servicing of a loan. Nor does he provide any factual allegations that Newrez's violation caused him actual damages. Instead, he simply asserts in conclusory fashion that Newrez violated RESPA. Thus, Washington has not stated a plausible claim upon which the Court can grant relief, and dismissal is appropriate.

    **C.    The Court should dismiss Washington's U.C.C. claim.**

Washington seems to assert a violation of U.C.C. § 3-603, which governs the tender of payments in a contract and provides:

> [i]f tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

U.C. C. § 3-603. Texas' analogous provision in the Business and Commerce Code is identically worded. *See* Tex. Bus. & Com. Code Ann. § 3.603. "Under Texas law, 'tender' requires an unconditional offer to pay by negotiable instrument or another manner of payment agreed to by the parties." *Wiggins v. Wells Fargo & Co.*, No. 3-09-cv-2003-N, 2010 WL 342246, at *3 (N.D. Tex. Jan. 29, 2010) (citing *Home Ins. Indem. Co. v. Gutierrez*, 409 S.W.2d 450, 456 (Tex. Civ. App.—Corpus Christi 1966, writ ref'd n.r.e.)).

Washington claims he satisfied his mortgage by tendering a "Bill of Exchange" that he mailed to Newrez with return receipt. ECF No. 1 at 1. However, Washington does not cite any case law nor statutory authority for the proposition that a Bill of Exchange is a "negotiable instrument" that would qualify as a "tender" under Texas law. A Bill of Exchange is not a negotiable instrument that would support a legal tender. *Chavis v. T-Mobile US, Inc.*, No. A-23-cv-1513-DII-SH, 2024 WL 150734, at *4 (W.D. Tex. Jan. 11, 2024) ("[C]ourts have uniformly found that a 'bill of exchange' created by a private citizen cannot be used as legal tender in the United States."). Washington does not contend in the alternative that the Bill of Exchange was a "another manner of payment" or that Newrez "agreed to" the Bill of Exchange. *See Wiggins*, 2010 WL 342246, at *3. Accordingly, Washington provides no factual basis for his claim that Newrez violated the U.C.C. He does not plead that he offered a negotiable instrument nor another manner of payment that Newrez accepted as "tender" under Texas law. Thus, the Court should dismiss his claim that Newrez violated the U.C.C.

**D.    The Court should dismiss Washington's FRA claim.**

Also asserting the legitimacy of his legal tender, Washington argues that Newrez violated 12 U.S.C. § 411 in rejecting the purported tender. ECF No. 1 at 2. "Section 411 is a provision of the [FRA]." *Whyte v. Collins*, No. 3:23-cv-1303-X-BN, 2023 WL 5673121, at *2 (N.D. Tex. Aug. 14, 2023), *rec. adopted*, No. 3:23-cv-1303-X-BN, 2023 WL 5673450 (N.D. Tex. Sept. 1, 2023).

However, Washington's FRA claim "is misplaced, because 'numerous district courts across the country have found that the [FRA] does not provide individuals with a private cause of action.'" *Hicks v. Capital Bank*, No. 3:24-cv-0517-G-BN, 2024 WL 1287626, at *1 (N.D. Tex. Mar. 26, 2024) (citing *Smith v. Osvaldik*, No. 1:23-cv-01488-HBK, 2024 WL 733227, at *3 (E.D. Cal. Feb. 22, 2024) (collecting cases), *rec. adopted*, 2024 WL 1160680 (E.D. Cal. Mar. 18, 2024)).

As a result, dismissal is appropriate because Washington has not stated a claim upon which relief can be granted under the FRA.

      **E.    The Court should dismiss Washington's claims, except one, with leave to amend.**

Although Washington does not plead sufficient facts to state a claim against Newrez upon which relief can be granted, the Court does not conclude that he has pleaded his best case or that further amendment of the Complaint would be futile, except for his FRA claim. Since the FRA does not provide a private right of action, further amendment of that claim would be futile. Accordingly, as to all of Washington's claims except his FRA claim, the Court should grant Washington leave to file a First Amended Complaint that addresses the deficiencies noted in these findings, conclusions, and recommendation within fourteen days after Chief Judge O'Connor enters his order on the findings, conclusions, and recommendation or such other time that he sets.

## IV.   CONCLUSION

Washington has not pleaded sufficient facts to state a claim against Newrez under the FDCPA, RESPA, U.C.C., or FRA, and there is no private right of action under the FRA. Therefore, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** Newrez's Motion to Dismiss (ECF No. 11) and **DISMISS** Washington's claims with leave to amend under Federal Rules of Civil Procedure 12(b)(6), except for his claim under the FRA.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on December 2, 2025.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE